# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 28, 2020
Lyle W. Cayce
Clerk

No. 20-40103
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RICHARD DENVER BELDEN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:18-CR-103-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Richard Belden appeals his above-guidelines sentence of 420 months of imprisonment following his guilty plea to one count of receipt of child pornography and two counts of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (5)(B). Belden challenges only the sub-

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

stantive reasonableness of his sentence, contending that the district court imposed a sentence greater than necessary to fulfill the purpose of sentencing under 18 U.S.C. § 3553(a) and created an unwarranted sentencing disparity as compared to similarly situated defendants. Specifically, Belden maintains that the court accorded insufficient weight to the recommended guideline range, failed to consider other factors, such as his personal circumstances, and assigned too much weight to the nature and circumstances of the offense. He also avers that the sentence created an unwarranted disparity in light of the sentence in *United States v. Lawrence*, 920 F.3d 331 (5th Cir. 2019), and the sentences of typical offenders.

We review Belden's preserved challenge to the substantive reasonableness of a sentence under the abuse-of-discretion standard. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020); *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). The record does not show that the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing the § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). The record plainly shows that the district court did in fact consider Belden's personal characteristics and circumstances and the recommended guideline range in addition to the other § 3553(a) factors. Belden's arguments amount to no more than a request for this court to reweigh the statutory sentencing factors, which we will not do, as the district court is "in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013) (internal quotation marks and footnote omitted).

Furthermore, Belden has not shown that he is similarly situated to the defendant in *Lawrence* or the typical offender in all relevant respects and particularly with respect to the counts of conviction, guideline ranges, amounts

No. 20-40103

of child pornography, and other aggravating factors; therefore, his sentence has not created an unwarranted sentencing disparity. *See* § 3553(a)(6); *United States v. Willingham*, 497 F.3d 541, 544 (5th Cir. 2007). Additionally, because the district court correctly calculated and considered the range, it "necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." *Gall v. United States*, 552 U.S. 38, 54 (2007). The court also provided thorough justification for the upward variance, explicitly citing Belden's unique aggravating circumstances. *See United States v. McElwee*, 646 F.3d 328, 344–45 (5th Cir. 2011); *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010).

Under the totality of circumstances, including the significant deference that is given to the district court's consideration of the § 3553(a) factors, the extent of the variance, and the court's reasons for its decision, the sentence was reasonable. *See Fraga*, 704 F.3d at 439–40. AFFIRMED.