# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District East District of Texas |
|---|---|
| Name (under which you were convicted): Richard Denver Belden | Docket or Case No.: 4:18-cr-00103-ALM-CAN |
| Place of Confinement: FCI Williamsburg PO Box 340, Salters SC 29590 | Prisoner No.: 27805078 |
| UNITED STATES OF AMERICA v. | Movant (include name under which you were convicted) Richard Belden |

**FILED**

## MOTION

APR 2 5 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
Paul Brown U.S. Court House
101 E. Pecan, Room 216
Sherman, TX 75090
(b) Criminal docket or case number (if you know): 4:18-cr-00103-ALM-CAN

2. (a) Date of the judgment of conviction (if you know): February 7, 2020

   (b) Date of sentencing: February 6, 2020

3. Length of sentence: 420 months

4. Nature of crime (all counts):

   2252A (a)(2)(A) - Receipt of Child Pornography
   2252A (5)(B)
   2252A (5)(B) — Possession of Child Pornography

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐  (2) Guilty ☒  (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐  No ☒
8. Did you appeal from the judgment of conviction?  Yes ☒  No ☐
9. If you did appeal, answer the following:
   (a) Name of court: U.S. Court of Appeals for 5th Circuit
   (b) Docket or case number (if you know): 20-40103
   (c) Result: Affirmed
   (d) Date of result (if you know): Oct. 28, 2020, Mandate issued Nov. 19, 2020
   (e) Citation to the case (if you know):
   (f) Grounds raised:

   Substantive reasonableness of sentence


   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐  No ☒
   If "Yes," answer the following:
   (1) Docket or case number (if you know):
   (2) Result:

   (3) Date of result (if you know):
   (4) Citation to the case (if you know):
   (5) Grounds raised:




10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐  No ☒
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
    (2) Docket or case number (if you know):
    (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ☐   No ☐

(2) Second petition:   Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** Ineffective Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attachment A, page 1 and 2
See also, forthcoming Memorandum of Law in support thereof.

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐  No ☒
  (2) If you did not raise this issue in your direct appeal, explain why:
  This issue cannot be raised on direct appeal.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐  No ☒
  (2) If your answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:
  Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏    No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏    No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏    No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND TWO: Confession inadmissable under 6th Amendment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Before my arrest the Detectives stated three times I was "not under arrest", even as they read the Miranda rights to me.
A custodial interrogation took place the day following my arraignment, where I requested representation. My Miranda rights were considered waived per the detectives by a "nod" from me.

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:

        Attorney failed to do this

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐   No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐   No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** Disproportionate Sentence violates 8th Amendment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Sentence is 420 months, this is 180 months over the statutory maximum. If the corrected guide line range (level 34) were taken into account, 151-188 months, the sentence is even more disproportionate by 232 months above the guide lines.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

Appelant court demonstraited plain error by using Abuse of Discretion standard in contrast to the Plain Error standard.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
    Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:


Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




GROUND FOUR: Involuntary Plea violates 5th Amendment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel presented to the prosecutor that I would "sign for 35 years". This was never agreed to by me, nor was I consulted before his discussion with her.
In the first sentencing hearing, the Motion for Upward Departure was for 35 years and the prosecution discussed plea options presented to me, in open court, before the Judge.

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐ No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:

    Attorney failed to raise this issue or object.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐ No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐ No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐ No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐ No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

None of the grounds have been submitted due to Ineffective Counsel, with the exception to Ground 3.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐   No ☒
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.




15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:
    Robert Gerard Arrambide

    (b) At arraignment and plea:
    Robert Gerard Arrambide

    (c) At trial:

    (d) At sentencing:
    Brian George O'Shea

    Office of the Federal Public Defender
    Eastern District of Texas
    600 E. Taylor St., Ste. 4000
    Sherman, TX 75090

(e) On appeal:

Brian George O'Shea — address on previous page

(f) In any post-conviction proceeding:

Pro-se

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed:

   (c) Give the length of the other sentence:

   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Equitable tolling should apply based on the Covid 19 restrictions placed by the BOP. I was on modified lockdown from 4/1/2020 through 3/8/2022.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:
Vacate, set aside or correct sentence and be afforded an evidentuary hearing to complete the record.
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

_____ (month, date, year).

Executed (signed) on __4/15/2022__ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.